Dewey, J.
This question should more properly have been raised on a demurrer to the declaration; but the case having been reported, by the consent of the presiding judge, for the whole court, upon the question whether the facts stated in the declaration disclose a cause of action, we have proceeded to consider the question as if raised upon demurrer.
The declaration does not materially differ from that in the case of Holman v. Townsend, 13 Met. 297. It more fully sets forth the particular position and interest of the plaintiff, and his ownership of a tract of land contiguous to the road, and for the use of which the road was required; but the gravamen of the complaint is substantially the same. The decision in that case fully embraces this, and applied here will require judgment to be entered for the defendants. It was there held, that the defect in the highway must be the direct and proximate cause of the damage. It mqst be a damage sustained in using the road, and not a damage sustained in consequence of not being able to use it.
This is not an action at common law, and does not necessarily present the same question that would arise if an action were brought by the plaintiff against an individual for obstructing the road, so that he could not use it for the purposes of passing to his dwelling-house, or lands contiguous to the road. Great embarrassment has been experienced in marking the line limiting individual actions for particular and special injuries, and the cases where the public injury was alone the subject of redress, as will be perceived on the perusal of the numerous cases cited in the opinion of the court, in . the case of Stetson v. Faxon, 19 Pick. 147.
*525 The present case, however, differs entirely from the case of Stetson v. Faxon, which was an action at common law by one individual against another for an obstruction in a highway, or public street, whereby a special and particular damage had accrued to the plaintiff’s property adjacent; and he was allowed to recover therefor.
This is an action wholly on the statute creating a liability on the part of the town for an injury to the person or property by reason of any defect or want of repair in the highway. It is a limited one, and not to be extended beyond the special purpose of protecting travellers from injuries while travelling on such highway; leaving the public prosecution by individuals as the remedy for neglect to keep these roads in a proper state for travelling, or permitting them to be so encumbered by reason of some nuisance, that no traveller could attempt to use them, while in the exercise of ordinary care and prudence. Judgment for the defendants.